IN THE UNITED STATES DISTRICT COURT
FOR THE DISRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2003 NOV 17 P 2: 04

| | | |
|---|---|---|
| PAUL GRAHAM #306-621 | * | |
| 401 E. Madison Street | | |
| Baltimore, Maryland 21202 | * | |
| Plaintiff | * | Case No.: 1:02-cv-2570 |
| v. | * | |
| FRED WOOTEN | * | |
| Baltimore, Maryland | | |
| | * | |
| and | | |
| | * | |
| JOYCE JENKINS | | |
| Baltimore, Maryland | * | |
| Defendants | * | |

\* \* \* \* \* \* \*

## SECOND AMENDED COMPLAINT

COMES NOW, the Plaintiff, Paul Graham, by and through his attorneys, Jonathan E. Goldberg and Baxter, Baker, Sidle, Conn & Jones, P.A., and sues the Defendants Fred Wooten and Joyce Jenkins, for cause, claims, and damages, and demands judgment and, in support thereof states as follows:

### JURISDICTION

1. This action is brought pursuant to 42 U. S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) and (4), this being an action authorized by law to address the deprivation of rights, privileges and immunities secured to the Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States.

1

2. The Court may exercise supplemental jurisdiction over all of the other claims contained herein pursuant to 28 U.S.C. § 1367.

## PARTIES

3. The Plaintiff, Paul Graham, is an adult citizen of the State of Maryland, residing at 401 E. Madison Street, Baltimore, Maryland 21202.

4. At all times hereinafter mentioned, Defendants Fred Wooten and Joyce Jenkins were members of the Baltimore City Police Department.

## FACTUAL ALLEGATIONS

5. On or about August 9, 2000, Plaintiff Paul Graham was a pedestrian at or near the intersection of Eastern Avenue and Gusryan Street in Baltimore City, Maryland.

6. Defendants, Joyce Jenkins and Fred Wooten approached Plaintiff and asked for identification. After providing his information, Plaintiff was arrested and charged with providing false information to a police officer. Such arrest was without probable cause, as the information provided to the officers did not justify an arrest.

7. After wrongfully arresting Plaintiff, Defendants took his car keys and without a warrant searched his automobile and allegedly discovered a controlled dangerous substance. Such search was improper and violated Plaintiff's rights under both the United States Constitution and the Maryland Declaration of Rights.

8. Defendants thereafter initiated criminal proceedings against the Plaintiff, and made false allegations in the statement of probable cause and charging document to secure criminal charges against the Plaintiff leading to his incarceration. Defendants seized and have not returned Plaintiff's property. Defendants initiated the criminal charges in bad faith and with malice and with intent to injure the Plaintiff. The criminal charges were entered

nolle prosequi by the State's Attorneys' office in the Circuit Court for Baltimore City, and the proceedings terminated in favor of the Plaintiff.

9. At all times mentioned, Defendants acted with malice and bad faith, with a deliberate intent to injure the Plaintiff and without and provocation or probable cause.

10. As a direct and proximate result of the aforesaid acts of the Defendants, the Plaintiff, Paul Graham, was seriously, painfully and permanently injured; and caused to lose considerable time and wages from work; all of which caused the Plaintiff great pain and physical suffering, mental anguish, humiliation, embarrassment, loss of respect, shame, loss of enjoyment of life, disability, loss of property, and loss of earning capacity, all to his detriment.

## COUNT I
(42 U.S.C. § 1983)

11. The Plaintiff, Paul Graham, adopts and incorporates by reference the allegations contained in paragraphs 1 through 10 of this Complaint with the same effect as if herein fully set forth.

12. The Defendants Wooten and Jenkins, at all relevant times hereto, acted under color of State law.

13. The seizure of the Plaintiff by Defendants and the force used in effectuating said seizure was not objectively reasonable.

14. Consequently, Defendants Wooten and Jenkins deprived the Plaintiff, Paul Graham, of his rights under the Fourth Amendment of the United States Constitution, as applicable to Maryland through the Fourteenth Amendment of the United States Constitution, said rights including:

   a)  Freedom from unreasonable and unlawful arrest and seizure of his person, liberty and privilege without due process, and without judgment of his peers;

   b)  Freedom from the deprivation of liberty without due process of the law, and without the judgment of his peers;

   c)  Freedom from summary punishment.

15. At all relevant times hereto, the Defendants Wooten and Jenkins deliberately subjected the Plaintiff to the deprivation of his rights with actual malice.

16. As a direct and proximate result of the deprivation of the Plaintiff's constitutional rights by the Defendants, the Plaintiff, Paul Graham, was unjustly incarcerated, and was caused to lose property, considerable time and wages from work; all of which caused the Plaintiff great physical pain, mental anguish, humiliation, embarrassment, loss of respect, shame, loss of enjoyment of life, disability and loss of earning capacity, all to his detriment.

17. As a direct and proximate result of the deprivation of the Plaintiff's constitutional rights by the Defendant, the Plaintiff will continue to endure great physical pain and mental anguish in the future.

18. The Plaintiff, Paul Graham, further alleges that all of his injuries, losses and damages – past, present and prospective – were caused solely by the actions of the Defendants, as set forth above, without any negligence, want of due care, or provocation on the part of the Plaintiff, either directly or indirectly.

WHEREFORE, the Plaintiff, Paul Graham, demands judgment against the Defendants, in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, and Five Million Dollars ($5,000,000.00) in punitive damages, plus attorneys'

fees, interest and costs, as well as further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

## COUNT II
(Violation of Maryland Declaration of Rights, Articles 24 and 26)

19. The Plaintiff, Paul Graham, adopts and incorporates by reference the allegations contained in paragraphs 1 through 18 of this Complaint with the same effect as if herein fully set forth.

20. By the actions described above, including the illegal search and seizure by the Defendants, who illegally detained and arrested the Plaintiff and searched and seized his automobile without any probable cause, the individual Defendants deprived the Plaintiff, Paul Graham, of the following clearly established constitutional rights, as enunciated in Articles 24 and 26 of the Maryland Declaration of Rights, including:

    a)     Freedom from imprisonment and seizure of freehold, liberties and privilege without due process, and without judgment of his peers;

    b)     Freedom from the deprivation of liberty without due process of the law, and without the judgment of his peers;

    c)     Freedom from summary punishment.

21. The Defendants' actions were deliberate and caused with actual malice in that they continued to, among other things, falsely arrest the Plaintiff and falsely hold him against his will without any adequate proof of his criminal involvement or guilt.

22. As a direct and proximate result of the deprivation by the Defendants of the Plaintiff's rights under the Maryland Declaration of Rights, Articles 24 and 26, the Plaintiff, Paul Graham, was caused to suffer great physical pain, mental anguish, humiliation,

embarrassment, loss of respect, loss of property, shame, loss of enjoyment of life, disability and loss of earning capacity, all to his detriment.

23. As a direct and proximate result of the deprivation by the Defendants of the Plaintiff's rights pursuant to Articles 24 and 26 of the Maryland Declaration of Rights, the Plaintiff will continue to endure great physical pain and mental anguish in the future.

24. The Plaintiff, Paul Graham, further alleges that all of his injuries, losses and damages – past, present and prospective – were caused solely by the actions of the Defendants, as set forth above, without any negligence, want of due care, or provocation on the part of the Plaintiff, either directly or indirectly.

WHEREFORE, the Plaintiff, Paul Graham, demands judgment against the Defendants, in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, and Five Million Dollars ($5,000,000.00) in punitive damages, plus attorneys' fees, interest and costs, as well as further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper

## COUNT III
(Battery)

The Plaintiff, Paul Graham, adopts and incorporates by reference the allegations contained in paragraphs 1 through 24 of this Complaint with the same effect as if herein fully set forth.

25. By the actions described above in this Complaint, the Defendants' arrest and detention of the Plaintiff constituted an intentional touching of the Plaintiff by the Defendants, and was undertaken deliberately and with actual malice.

26. The Defendants, committed all of the above-described actions with actual malice, in that they had no probable cause to arrest the Plaintiff, and the Defendants certainly intended to cause injury to the Plaintiff when they arrested him.

27. The Plaintiff did not consent to this purposeful, harmful, and unlawful touching by the Defendants.

28. As a direct and proximate result of the conduct and actions of the Defendants, the Plaintiff, Paul Graham, was caused great physical pain, mental anguish, humiliation, embarrassment, loss of respect, shame, loss of enjoyment of life, disability and loss of earning capacity, all to his detriment.

29. As a direct and proximate result of the Defendants' conduct and actions, the Plaintiff has and will in the future suffer loss of income and other pecuniary loss. In addition, the Plaintiff will continue to endure great physical pain and mental anguish in the future.

30. The Plaintiff, Paul Graham, further alleges that all of his injuries, losses and damages – past, present and prospective – were caused solely by the actions of the Defendants, as set forth above, without any negligence, want of due care, or provocation on the part of the Plaintiff, either directly or indirectly.

WHEREFORE, the Plaintiff, Paul Graham, demands judgment against the Defendants Fred Wooten and Joyce Jenkins, jointly and severally, in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, and Five Million Dollars ($5,000,000.00) in punitive damages, plus attorneys' fees, interest and costs, as well as further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

## COUNT IV
(False Arrest)

31. The Plaintiff, Paul Graham, adopts and incorporates by reference the allegations contained in paragraphs 1 through 30 of this Complaint with the same effect as if herein fully set forth.

32. By the actions described above, the Defendants, by apprehension or other means of restraint, prevented the Plaintiff from proceeding in the direction he wanted to travel. Defendants intended to arrest the Plaintiff for the purpose of prosecuting the Plaintiff for some unknown crime. The detention took place on a public without just cause, probable cause or other reason. The detention was maliciously and actively procured, and instigated and caused the false arrest and detention of the Plaintiff, Paul Graham.

33. The false arrest was made without any legal reason or probable cause to believe that the Plaintiff, Paul Graham had done any wrongful conduct on August 9, 2000 or any other day, was in fact guilty of any criminal conduct, and more particularly was guilty of any criminal conduct that he was arrested for that day.

34. The above-described stop and false arrest was made and continued without proper investigation, study, diligence, or basis.

35. The Defendants had no knowledge of any fact and circumstances which would lead a reasonable person to believe that the Plaintiff had committed any offense.

36. The above-described false arrest was an abuse of the privilege of detention, as Defendants acted with actual malice in detaining the Plaintiff without the proper right to do so.

37. Plaintiff Paul Graham was forced by Defendants to submit to such detention and the indignities and humiliation as a result thereof, entirely against his will.

38. The deprivation of the Plaintiff's liberty was without any legal justification and was made with actual malice.

39. As a direct and proximate result of the conduct and actions of Defendants, the Plaintiff, Paul Graham, was caused to lose considerable time and wages from work; all of which caused the Plaintiff great pain and physical suffering, mental anguish, humiliation, embarrassment, loss of respect, shame, loss of enjoyment of life, disability and loss of earning capacity, all to his detriment.

40. As a direct and proximate result of Defendants conduct and actions, the Plaintiff has and will continue in the future and will continue to endure great physical pain and mental anguish in the future.

41. The Plaintiff, Paul Graham, further alleges that all of his losses and damages – past, present and prospective – were caused solely by the actions of the Defendants, as set forth above, without any negligence, want of due care, or provocation on the part of the Plaintiff, either directly or indirectly.

WHEREFORE, the Plaintiff, Paul Graham, demands judgment against the Defendants, in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, and Five Million Dollars ($5,000,000.00) in punitive damages, plus attorneys' fees, interest and costs, as well as further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

### COUNT V
(False Imprisonment)

42. The Plaintiff, Paul Graham, adopts and incorporates by reference the allegations contained in paragraphs 1 through 41 of this Complaint with the same effect as if herein fully set forth.

43. By the actions described above, the Defendants Fred Wooten and Joyce Jenkins, prevented the Plaintiff from proceeding in the direction he wanted to travel. Defendants, Wooten and Jenkins intended to arrest the Plaintiff for the purpose of prosecuting the Plaintiff for some unknown crime which Plaintiff did not commit and for which there was no probable cause to believe he committed. The detention took place without just cause, probable cause or other reason. The detention was maliciously and actively procured, and instigated and caused the false imprisonment of the Plaintiff, Paul Graham.

44. The false imprisonment was made without any legal reason or probable cause to believe that the Plaintiff, Paul Graham had done any wrongful conduct on August 9, 2000 or any other day, was in fact guilty of any criminal conduct, and more particularly was guilty of any criminal conduct that he was arrested for that day.

45. The above-described stop, false arrest, and false imprisonment was made and continued without proper investigation, study, diligence, or basis.

46. Defendants had no knowledge of any fact and circumstances which would lead a reasonable person to believe that the Plaintiff had committed any offense.

47. The above-described false arrest and false imprisonment was an abuse of the privilege of detention, as Defendants acted with actual malice in detaining the Plaintiff without the proper right to do so.

48. The Plaintiff, Paul Graham, was forced by Defendants to submit to such detention and the indignities and humiliation as a result thereof, entirely against his will.

49. Defendants failed to follow normal and accepted police practices and procedures in the false imprisonment of the Plaintiff, Paul Graham.

50. Defendants intentionally and unlawfully restrained the Plaintiff and deprived the Plaintiff of his liberty, and the Plaintiff did not consent to the restraint of his liberty.

51. The deprivation of the Plaintiff's liberty was without any legal justification and was done with actual malice.

52. As a direct and proximate result of the conduct and actions of Defendants, the Plaintiff, Paul Graham, was caused great physical pain, mental anguish, humiliation, embarrassment, loss of respect, shame, loss of enjoyment of life, disability and loss of earning capacity, all to his detriment.

53. As a direct and proximate result of the Defendants' conduct and actions, the Plaintiff has and will in the future suffer loss of income and other pecuniary loss. In addition, the Plaintiff will continue to endure great pain, physical suffering, and mental anguish in the future.

54. The Plaintiff, Paul Graham, further alleges that all of his injuries, losses and damages – past, present and prospective – were caused solely by the actions of the Defendants, as set forth above, without any negligence, want of due care, or provocation on the part of the Plaintiff, either directly or indirectly.

WHEREFORE, the Plaintiff, Paul Graham, demands judgment against the Defendants, Fred Wooten and Joyce Jenkins, jointly and severally, in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, and Five Million Dollars ($5,000,000.00) in punitive damages, plus attorneys' fees, interest and costs, as well as further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

## COUNT VI
### (Malicious Prosecusion)

55. The Plaintiff, Paul Graham, adopts and incorporates by reference the allegations contained in paragraphs 1 through 54 of this Complaint with the same effect as if herein fully set forth.

56. Following the incident on August 9, 2000, which is described in the Complaint, the Defendants, initiated criminal proceedings against the Plaintiff and made false allegations in the statement of probable cause and charging document to secure criminal charges against the Plaintiff.

57. Defendants charged the Plaintiff with making a false statement to a police officer and possession of a controlled dangerous susbtance-not marijuana.

58. The State's Attorney's for Baltimore City, Maryland entered all of the above-referenced charges as *nolle prosequi* in the Circuit Court for Baltimore City. Consequently, all of the charges against the Plaintiff that were filed by Defendants were dismissed.

59. Defendants acted with malice and without probable cause in causing the arrest of the Plaintiff and in the prosecution of the case against the Plaintiff. Malice was the primary purpose of Defendants in instituting the proceeding against the Plaintiff.

60. As a direct and approximate result of the conduct and actions of Defendants, the Plaintiff Paul Graham, has suffered, and will continue to suffer physical pain, mental anguish, humiliation, embarrassment, loss of respect, shame, and loss of enjoyment of life.

61. The Plaintiff Paul Graham, further alleges that all of his injuries, losses and damages – past, present and prospective – were caused solely by the actions of Defendants, as set forth above, without any negligence, want of due care, or provocation on the part of the Plaintiff, either directly or indirectly.

WHEREFORE, the Plaintiff, Paul Graham, demands judgment against Defendants, Fred Wooten and Joyce Jenkins in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, and Five Million Dollars ($5,000,000.00) in punitive damages, plus attorneys' fees, interest and costs, as well as further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

COUNT VII
(Assault)

The Plaintiff, Paul Graham, adopts and incorporates by reference the allegations contained in paragraphs 1 through 61 of this Complaint with the same effect as if herein fully set forth.

62. By virtue of Defendants' detention and subsequent arrest of Plaintiff, they intended to commit bodily harm to Plaintiff. Their conduct was perpetrated with actual malice.

63. Defendants' actions caused Plaintiff to be put in apprehension of an imminent battery.

64. As a result of Defendants' conduct and actions, Plaintiff has suffered and will endure great physical pain, mental anguish, humiliation, embarrassment, loss of respect, shame, and loss of enjoyment of life.

WHEREFORE, the Plaintiff, Paul Graham, demands judgment against Defendants, Fred Wooten and Joyce Jenkins in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, and Five Million Dollars ($5,000,000.00) in punitive damages, plus attorneys' fees, interest and costs, as well as further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

## COUNT VIII
(Negligence)

65. The Plaintiff, Paul Graham, adopts and incorporates by reference the allegations contained in paragraphs 1 through 64 of this Complaint with the same effect as if herein fully set forth.

66. Defendants in their detention and arrest of Plaintiff acted in a negligent and careless manner.

67. Defendants' negligence proximately caused Plaintiff to suffer both physical injuries and great mental anguish, loss of work, wages and property damage. All damages were caused solely by the negligence of the Defendants, who acted with actual malice without any negligence by Plaintiff.

WHEREFORE, the Plaintiff, Paul Graham, demands judgment against the Defendants, Fred Wooten and Joyce Jenkins, jointly and severally, in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages, and Five Million Dollars ($5,000,000.00) in punitive damages, plus attorneys' fees, interest and costs, as well as further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

Respectfully submitted,

_____
Jonathan E. Goldberg
Baxter, Baker, Sidle, Conn & Jones, P.A.
120 E. Baltimore Street
Suite 2100
Baltimore, Maryland 21202
(410) 230-3800

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISRICT OF MARYLAND

| | | |
|---|---|---|
| PAUL GRAHAM | * | |
| Plaintiff | * | |
| v. | * | Civil No.: 1:02-cv-2570 |
| JOYCE JENKINS, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of November, 2003, a copy of the foregoing Second Amended Complaint, was mailed to:

Troy A. Priest, Esquire
Brown, Diffenderffer & Kearney, L.L.P.
The Tide Building, Suite 300
1010 Hull Street
Baltimore, Maryland 21230

_____
Jonathan E. Goldberg

IN THE UNITED STATES DISTRICT COURT
FOR THE DISRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2003 NOV 17 P 2: 04

| | | |
|---|---|---|
| PAUL GRAHAM #306-621<br>401 E. Madison Street<br>Baltimore, Maryland 21202 | * | |
| Plaintiff | * | Case No.: 1:02-cv-2570 |
| v. | * | |
| FRED WOOTEN<br>Baltimore, Maryland | * | |
| and | * | |
| JOYCE JENKINS<br>Baltimore, Maryland | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*

## JURY DEMAND

COMES NOW, the Plaintiff, Paul Graham, by and through counsel, Jonathan E. Goldberg and Baxter, Baker, Sidle, Conn & Jones, P.A., respectfully demands a trial by jury as to all issues.

Respectfully submitted,

_____
Jonathan E. Goldberg
Baxter, Baker, Sidle, Conn & Jones, P.A.
120 E. Baltimore Street
Suite 2100
Baltimore, Maryland 21202
(410) 230-3800
Attorneys for Plaintiff

15