IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PAUL GRAHAM | * |
|     Plaintiff | * |
| v. | *   Civil Action No.: CCB-02-2570 |
| FRED WOOTON, et al. | * |
|     Defendant | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANTS POLICE OFFICERS FRED WROTEN AND JOYCE JENKINS
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants, Police Officer Joyce Jenkins and Police Officer Fred Wroten ("Defendants"), by and through their attorneys, Troy A. Priest and Brown & Sheehan, LLP, hereby files this Answer to Plaintiff Paul Graham's Second Amended Complaint ("Plaintiff") and in support thereof states as follows:

    1.    The allegations in Paragraph No. 1 state a legal conclusion to which no response is required.

    2.    The allegations in Paragraph No. 2 state a legal conclusion to which no response is required.

    3.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 3.

    4.    Defendants admit the allegations in Paragraph No. 4.

<u>Factual Allegations</u>

    5.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 5.

6. Defendants deny the allegations in Paragraph No. 6.

7. Defendants deny the allegations in Paragraph No. 7.

8. Defendants deny the allegations in Paragraph No. 8.

9. Defendants deny the allegations in Paragraph No. 9.

10. Defendants deny the allegations in Paragraph No.10.

Count I

11. The allegations of Paragraph No. 11 do not require a response.

12. The allegations of Paragraph No. 12 state a legal conclusion and no response is required.

13. Defendants deny the allegations in Paragraph No. 13.

14. Defendants deny the allegations in Paragraph No. 14.

15. Defendants deny the allegations in Paragraph No. 15.

16. Defendants deny the allegations in Paragraph No. 16.

17. Defendants deny the allegations in Paragraph No. 17.

18. Defendants deny the allegations in Paragraph No. 18.

Count II

19. The allegations of Paragraph No. 19 do not require a response.

20. Defendants deny the allegations in Paragraph No. 20.

21. Defendants deny the allegations in Paragraph No. 21.

22. Defendants deny the allegations in Paragraph No. 22.

23. Defendants deny the allegations in Paragraph No. 23.

24. Defendants deny the allegations in Paragraph No. 24.

## Count III

25. Defendants deny the allegations in Paragraph No. 25.

26. Defendants deny the allegations in Paragraph No. 26.

27. Defendants deny the allegations in Paragraph No. 27.

28. Defendants deny the allegations in Paragraph No. 28.

29. Defendants deny the allegations in Paragraph No. 29.

30. Defendants deny the allegations in Paragraph No. 30.

## Count IV

31. The allegations of Paragraph No. 31 do not require a response.

32. Defendants deny the allegations in Paragraph No. 32.

33. Defendants deny the allegations in Paragraph No. 33.

34. Defendants deny the allegations in Paragraph No. 34.

35. Defendants deny the allegations in Paragraph No. 35.

36. Defendants deny the allegations in Paragraph No. 36.

37. Defendants deny the allegations in Paragraph No. 37.

38. Defendants deny the allegations in Paragraph No. 38.

39. Defendants deny the allegations in Paragraph No. 39.

40. Defendants deny the allegations in Paragraph No. 40.

41. Defendants deny the allegations in Paragraph No. 41.

## Count V

42. The allegations of Paragraph No. 42 do not require a response.

43. Defendants deny the allegations in Paragraph No. 43.

44. Defendants deny the allegations in Paragraph No. 44.

45. Defendants deny the allegations in Paragraph No. 45.

46. Defendants deny the allegations in Paragraph No. 46.

47. Defendants deny the allegations in Paragraph No. 47.

48. Defendants deny the allegations in Paragraph No. 48.

49. Defendants deny the allegations in Paragraph No. 49.

50. Defendants deny the allegations in Paragraph No. 50.

51. Defendants deny the allegations in Paragraph No. 51.

52. Defendants deny the allegations in Paragraph No. 52.

53. Defendants deny the allegations in Paragraph No. 53.

54. Defendants deny the allegations in Paragraph No. 54.

## Count VI

55. The allegations of Paragraph No. 55 do not require a response.

56. Defendants deny the allegations in Paragraph No. 56.

57. Defendants admit the allegations in Paragraph No. 57.

58. Defendants admit the allegations in Paragraph No. 58.

59. Defendants deny the allegations in Paragraph No. 59.

60. Defendants deny the allegations in Paragraph No. 60.

61. Defendants deny the allegations in Paragraph No. 61.

## Count VII

62. Defendants deny the allegations in Paragraph No. 62.

63. Defendants deny the allegations in Paragraph No. 63.

64. Defendants deny the allegations in Paragraph No. 64.

### Count VIII

65. The allegations of Paragraph No. 65 do not require a response.

66. Defendants deny the allegations in Paragraph No. 66.

67. Defendants deny the allegations in Paragraph No. 67.

### AFFIRMATIVE AND NEGATIVE DEFENSES

### First Preliminary Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Preliminary Defense

Defendants' actions, if any, were privileged as they were performing lawful duties as a member of the Baltimore City Police Department, and therefore, Defendants are entitled to a qualified privilege.

### Third Preliminary Defense

The Complaint is barred by doctrine of governmental immunity.

### First Affirmative Defense

The injuries and/or damages of Plaintiff arose, if at all, as a result of his own actions.

### Second Affirmative Defense

To the extent Plaintiff suffered any injuries, losses or damages as a result of this incident, if any at all, such were unavoidable.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of assumption of risk.

### Fourth Affirmative Defense

If Plaintiff was injured or damaged as alleged, which is expressly denied, it was not as a result of actions or inactions by a person for whom the Defendants are legally liable or responsible.

### Fifth Affirmative Defense

Plaintiff's alleged injuries, if any at all, were the result of superseding, intervening and/or independent acts and/or omissions of parties over whom the Defendants did not and could not exercise any legal control.

### Sixth Affirmative Defense

The Defendants denies that they could be liable to Plaintiff for any claims set forth in his Complaint. If, however, the Defendants could be found liable to Plaintiff on any theory of liability set forth in the Complaint, then such acts of the Defendants were passive and not the proximate cause of any alleged injury sustained by Plaintiff.

### Seventh Affirmative Defense

The Defendants acted in good faith and without malice.

### Eighth Affirmative Defense

The Defendants acted with probable cause.

### Ninth Affirmative Defense

The Defendants acted reasonably under the circumstances as the circumstances appeared to them at the time.

### Tenth Affirmative Defense

The Complaint is barred by the doctrine of laches.

<u>Eleventh Affirmative Defense</u>

Plaintiff's claims are barred by the applicable Statute of Limitations.

<u>Twelfth Affirmative Defense</u>

Plaintiff has failed to comply with the notice requirements under the State and Local Tort Claims Act.

WHEREFORE, Defendants, Police Officer Joyce Jenkins and Police Officer Fred Wroten respectfully requests this Court dismiss Plaintiff Paul Graham's Second Amended Complaint with prejudice, and award costs and attorney's fees to Defendants, Police Officer Joyce Jenkins and Police Officer Fred Wroten as well as such other and further relief as this Court deems just and proper.

_____/s/_____
Troy A. Priest, No. 12022
Brown and Sheehan, LLP
The Tide Building, Suite 300
1010 Hull Street
Baltimore, Maryland 21230

Attorneys for Defendants, Police Officer Joyce Jenkins and Police Officer Fred Wroten